UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS G CRUZ,<br>    Plaintiff,<br>v.<br>NANCY A. BERRYHILL,<br>    Defendant. | Case No. 16-cv-05910-PJH<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES**<br>Re: Dkt. No. 29 |

Before the court is plaintiff Carlos Cruz's motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "EAJA"). The matter is fully briefed and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS plaintiff's motion, for the following reasons.

On October 12, 2017, Cruz filed this Social Security appeal from the Commissioner of Social Security's (the "Commissioner") decision denying disability benefits. On December 18, 2017, the court granted in part and denied in part plaintiff's motion for summary judgment and remanded for further administrative proceedings. Dkt. 23 (the "Order").

As relevant here, the court's summary judgment order held the following: The administrative law judge's ("ALJ") residual functional capacity ("RFC") determination was not supported by substantial evidence because it failed to account for relevant objective medical evidence and failed to properly evaluate the medical opinions related to Cruz's right shoulder. Order at 15-20. The ALJ also improperly relied on Cruz's activities of daily living to discredit Cruz's pain testimony because the ALJ failed to consider the full

1 context of those activities.  See Order at 25.

2 Plaintiff now moves for an award of attorney's fees under the EAJA for his attorney's work securing remand.  The motion seeks an award of $9,124.61, which includes $57.95 in litigation expenses and $806.84 for time spent on the reply in support of the motion.  Dkt. 27-1; Dkt 33-1.  The Commissioner does not dispute the timeliness of the motion, the amount of attorney's fees requested, or that Cruz's net worth is less than $2 million dollars.  Instead, the only EAJA requirement the Commissioner contests is whether the ALJ's decision to deny benefits and the Commissioner's defense thereof were substantially justified.  Accordingly, the court only addresses that disputed issue.

## A. Legal Standard

The EAJA mandates an award of attorney's fees and expenses to a prevailing party other than the United States in any civil action, other than one sounding in tort, "brought by or against the United States . . . unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  The government bears the burden of showing substantial justification.  Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 1995), as amended on denial of reh'g (June 5, 1995).  In making this determination, a court "must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court."  Gutierrez v. Barnhart, 274 F.3d 1255, 1258–59 (9th Cir. 2001) (citation omitted).  Substantial justification requires "a reasonable basis both in law and fact."  Pierce v. Underwood, 487 U.S. 552, 565 (1988); Morris v. Astrue, 400 F. App'x 270, 271 (9th Cir. 2010).

## B. The ALJ's Decision and The Commissioner's Defense Thereof Lacked Substantial Justification.

First, there is a well-established line of Ninth Circuit precedent requiring an ALJ to "specifically identify the testimony she or he finds not to be credible and [ ] explain what evidence undermines th[at] testimony."  Holohan v. Massanari, 246 F.3d 1195, 1208 (9th

2

1 Cir. 2001); see also Revels v. Berryhill, 874 F.3d 648, 654 (9th Cir. 2017) (the ALJ must
2 provide "clear and convincing reasons" for rejecting uncontroverted medical opinions and
3 "specific and legitimate reasons" supported by substantial evidence to reject conflicting
4 medical opinions). The ALJ's decision failed to meet this standard on three different
5 potentially dispositive occasions. Order at 16-19 (concluding that the ALJ's evaluation of
6 three doctors' medical opinions was contrary to the law). Further, regardless of the
7 error's ultimate harmlessness, the ALJ failed to follow the law by discrediting Cruz's pain
8 testimony based on Cruz's activities of daily living without considering the full context of
9 those activities. See Order at 24-26 (discussing difficulties Cruz faced when performing
10 activities of daily living); Revels, 874 F.3d at 664 (reversing lower court partly because
11 the ALJ failed to consider context of daily activities); Reddick v. Chater, 157 F.3d 715,
12 722 n.1, 722-23 (9th Cir. 1998) (same).

13 Second, the ALJ's decision ignored significant and probative objective medical
14 evidence. Section 416.920(e) requires ALJ's to "assess and make a finding about [the
15 claimant's" RFC "based on all the relevant medical and other evidence in [claimant's]
16 case record." This requires the ALJ to consider and discuss all relevant evidence that is
17 significant and probative. Howard v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003);
18 Flores, 49 F.3d at 570-71 (an ALJ "may not reject significant probative evidence without
19 explanation" (internal quotation marks omitted)). Here, the ALJ's RFC determination and
20 final decision entirely ignored the most recent relevant imaging data—a September 2014
21 x-ray showing that 1 of the 3 screws from a prior rotator cuff repair had become
22 dislodged. Order at 15-16. The ALJ's failure to consider that evidence constituted legal
23 error.

## CONCLUSION

25 For the aforementioned reasons the ALJ's decision and the Commissioner's
26 defense thereof were not substantially justified for the purposes of § 2412(d)(1)(A) of the
27 EAJA. Because the Commissioner does not otherwise object to plaintiff's request for
28 attorney's fees, and the court finds the requested amount reasonable, the court GRANTS

3

plaintiff's motion and awards plaintiff $9,124.61 in attorney's fees. Pursuant to the legal service agreement between plaintiff and his counsel, see Dkt. 27-2, the attorney's fees award should be paid directly to plaintiff's counsel, Robert C. Weems, within 65 days of the entry of this order.[1]

**IT IS SO ORDERED.**

Dated: May 8, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge

---

[1] Defendant submitted no evidence or argument that plaintiff's EAJA attorney's fees award was subject to any offset permitted under the United States Department of the Treasury's Offset Program.