UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARLOS G CRUZ,

    Plaintiff,

v.

NANCY A. BERRYHILL,

    Defendant.

Case No. 16-cv-05910-PJH

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO TITLE 42 U.S.C. § 406(B)**

Re: Dkt. No. 35

    Before the court is plaintiff Carlos G. Cruz's ("plaintiff") motion for attorney's fees pursuant to the Social Security Act, Title 42 U.S.C. § 406(b) (the "SSA"). The matter is fully briefed and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby **GRANTS** plaintiff's motion.

## BACKGROUND

    On October 12, 2016, plaintiff petitioned this court for review of defendant Commissioner of Social Security's ("defendant") final decision denying his application for disability insurance and supplemental security income. Dkt. 1. On December 19, 2017, the court granted in part and denied in part plaintiff's motion for summary judgment and denied defendant's cross-motion for summary judgment. Dkt. 23. The court remanded this action to an administrative law judge ("ALJ") for further proceedings. Id. at 34.

    On March 18, 2018, plaintiff filed a motion for attorney's fees under the Equal Access to Justice Act, Title 28 U.S.C. § 2412 ("EAJA"). Dkt. 26. On May 8, 2018, the court granted that motion, awarding $9,124.61 in fees directly payable to plaintiff's counsel, Robert Weems ("counsel"). Dkt. 34 at 4. Defendant did so. Dkt. 35 at 5.

On December 17, 2019, the ALJ issued plaintiff a fully favorable decision. Dkt. 39-2 at 1. In it, she determined that plaintiff was disabled within the meaning of the SSA from July 1, 2011 through the date of his death, September 21, 2017. Id. at 11. On February 4, 2020, the Social Security Administration sent plaintiff's survivor, Brandon Cruz, a notice indicating that defendant owed plaintiff a pre-deduction total of over $48,360.90 for monthly benefits owed to plaintiff for the December 2011 through August 2017 period. Dkt. 39-3 at 2 (listing benefit amount owed per month during that period).

On June 23, 2020, plaintiff filed the instant motion. Dkt. 35. In it, he asks the court to award $2,957.89 in attorney's fees pursuant to Title 42 U.S.C. § 406(b). That amount reflects the difference between 25 percent of the past-due benefits awarded to plaintiff in the notice and the fees previously paid to counsel under EAJA.[1] For whatever reason, neither counsel nor plaintiff contest that any past-due benefits owed to plaintiff for the August 2011 through November 2011 period should be accounted for when determining the attorney's fees requested in this motion. Additionally, in his initial June 23, 2020 declaration in support of this motion (Dkt. 36), counsel failed to attach its referenced exhibits. So long as plaintiff filed those exhibits, defendant indicated non-opposition to the requested fees. Dkt. 38 at 2. On September 4, 2020, counsel refiled his declaration with its referenced exhibits. Dkt. 39. Defendant has not since indicated any opposition.

## DISCUSSION

In relevant part, Title 42 U.S.C. § 406 provides the following:

> "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such

---

[1] Plaintiff mistakenly calculated $48,330 as the sum of the past-due benefits owed. The $30 difference between the court's calculation and plaintiff's is negligible. For simplicity, the court will rely on plaintiff's calculation when analyzing the subject fees request.

2

past-due benefits. . . ." 42 U.S.C. § 406(b)(1)(A).

When construing this section, the Supreme Court in Gisbecht v. Barnhart, 535 U.S. 789 (2002) explained that it "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807.  The only per se limitation for awards authorized under this section is that "[a]greements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." Id.  That limitation aside, "the district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." Crawford v. Astrue, 586 F.3d 1142, 1151 (9th Cir. 2009). For purpose of § 406(b), "past due benefits" must be calculated prior to any applicable reduction.  42 U.S.C. § 406(b)(1)(B)(ii).

The Ninth Circuit has also clarified that "any award [under §406(b)] is paid directly out of the claimant's benefits." Parrish v. Comm'r of Soc. Sec. Admin., 698 F.3d 1215, 1217 (9th Cir. 2012).  Lastly, when construing the relationship between attorney's fees awarded under §406(b) and EAJA, the Ninth Circuit has explained that "[b]ecause attorneys who accepted an award under [EAJA] in excess of the § 406(b)(1) cap could be subject to criminal sanctions under § 406(b)(2), Congress amended the EAJA in 1985 to add a savings provision that allows attorneys to receive fees under both § 406(b) and [EAJA].  However, in order to maximize the award of past-due benefits to claimants and to avoid giving double compensation to attorneys, the savings provision requires a lawyer to offset any fees received under § 406(b) with any award that the attorney receives under [EAJA] if the two were for the 'same work.'" Id. at 1218.

Here, the court concludes that the $2,957.89 sought by plaintiff is warranted under § 406(b).  As threshold matter, counsel and plaintiff entered a contingent fee agreement on October 12, 2016. Dkt. 39-1.  Under it, counsel agreed to represent plaintiff for his

appeal of defendant's social security disability determination.  Id. at 1.  In turn, plaintiff agreed "to pay . . . a fee of 25% of [plaintiff's] total past due benefits under 42 U.S.C. § 406(b), including past due benefits to any auxiliary beneficiaries" as well "any amounts [plaintiff] may be awarded under the Equal Access to Justice Act ('EAJA')." Id.  As part of this arrangement, counsel expressly agreed "to credit amounts actually received by [counsel] from any EAJA fee award to [plaintiff] against the amount to be paid from [plaintiff's] past due benefits." Id.  Given these conditions, the agreement is enforceable under Gisbrecht.

The court does not see anything in the record that would justify a downward deviation of the measure of fees presumptively owed to counsel under the agreement.  Nothing about this case suggests that he performed subpar or was dilatory in his representation.  To the contrary, counsel successfully litigated a motion for summary judgment that required further agency consideration of his client's disability status.  Dkt. 23.  On remand, counsel also convinced the ALJ to find in favor of his client.  Dkt. 39-2.  Additionally, the total fees owed to counsel under this agreement ($12,082.50) can hardly serve as a "windfall" for his representation in this matter.  To the contrary, that amounts appears quite reasonable, particularly when adjusted for the approximately 55 hours expended by counsel's firm on its representation in this matter.  Dkt. 39-4 at 5; Dkt. 39-5.  Accordingly, the court finds that the requested fees are warranted under § 406.  Separately, because the amount requested ($2,957.89) constitutes the difference between the amount owed to counsel under the agreement ($12,082.50) and the amount previously awarded as EAJA fees ($9,124.61), the requested amount satisfies EAJA's offset requirement.

## CONCLUSION

For the above reasons, the court **GRANTS** plaintiff's motion for $2,957.89 in attorney's fees under Title 42 U.S.C. § 406(b). Pursuant to the subject agreement, Dkt. 39-1 at 1, and as permitted by § 406(b), defendant should certify this amount for direct payment to counsel, Robert Weems, within 65 days of this order.

4

**IT IS SO ORDERED.**

Dated: September 15, 2020

                                            /s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge